IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD SATISH EMRIT                                                                                           PLAINTIFF

v.                            Civil No. 5:23-cv-05040

UNIVERSITY OF MIAMI SCHOOL OF LAW;
PRESIDENT OF THE UNIVERSITY OF MIAMI
SCHOOL OF LAW; and DEAN OF THE
UNIVERSITY OF MIAMI SCHOOL OF LAW                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ronald Satish Emrit ("Emrit"), a resident of Sarasota, Florida, filed this action alleging employment discrimination in violation of the Americans with Disabilities Act ("ADA") and Title VII. Emrit proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Emrit is "out of desperation" filing this "lawsuit to obtain employment even though he is disabled with bipolar disorder and schizoaffective disorder." (ECF No. 2 at 2). Specifically, Emrit is trying to "obtain a position of employment as a law professor of entertainment law at the University of Miami." *Id.* On some unspecified date, Emrit indicates he completed an online application "referred to as AALS." *Id.* Emrit states he was not offered the job. *Id.* at 6. Emrit has a juris doctorate degree from Saint Thomas University School of Law. *Id.* at 10. Emrit also maintains he was qualified for the position because his "music litigation if the federal court system

1

has been nothing short of historical." *Id.*

From here, the allegations of the Complaint become more tangential and appear unrelated to his application for employment. Emrit indicates he is attempting to purchase a home and in order to have the funds to pay the property taxes and mortgage he needs the law professor position. (ECF No. 2 at 2). Emrit indicates he mailed paperwork related to his lawsuits to the University of Miami School of Law. *Id.* at 4. In response, either the president or the dean, contacted one of Emrit's relatives "even though this relative was not listed as a reference or contact regarding any of the paperwork." *Id.* Emrit goes on to discuss a picture he had taken with Gloria Estefan; where he met his former fiancé; and his attempts to obtain patents for three ideas having to do with black holes, white holes, and wormholes. *Id.* at 5.

In addition to his ADA claim, Emrit asserts the following claims: invasion of privacy, defamation, negligence, intentional infliction of emotional distress, violations of the Constitution (equal protection, due process, privileges and immunities clause), and Title VII of the Civil Rights Act of 1964. (ECF No. 2 at 6-11). Emrit maintains jurisdiction and venue are proper in this district. *Id.* at 3-4.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Emrit first contends this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332—diversity jurisdiction. (ECF No. 2 at 4). To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). Emrit admits, however, that all parties are citizens of Florida. Clearly, diversity jurisdiction is lacking.

Next, Emrit contends that the Court has federal question jurisdiction and that venue is appropriate in this jurisdiction. In regard to the latter contention, Emrit is wrong. Section 1391(b) governs venue in federal question cases. 28 U.S.C. § 1391(b). Section 1391(b) provides:

A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*

Unquestionably, venue is not appropriate here. All parties reside in Florida. All events at issue occurred in Southern District of Florida.

In fact, Emrit filed an identical lawsuit in the Southern District of Florida on March 3, 2023, *Emrit v. University of Miami School of Law, et al.,* Civil No. 1:23-cv-20847. On March 6, 2023, in conducting the preservice screening in that case, the Court noted that Emrit was no stranger to federal court and had been held to be a vexatious filer in a number of cases. The Court found Emrit had failed to state a claim under the ADA or Title VII and that his remaining claims are "based on indisputably meritless legal theories." *See also Emrit v. Charles Barkley, et al.,* Civil No. 2:23-cv-00019 (N.D. Ala. Feb. 23, 2023)("Due to the frivolous nature of the claims in Plaintiff's complaint, and his repeated abuse of the judicial process through the filing of identical frivolous, duplicative, bad faith, and vexatious claims in multiple courts, the claims asserted in Plaintiff's complaint are due to be dismissed with prejudice pursuant to § 1915(e)(2)(b) and without leave to amend").

Similarly, Emrit filed the same lawsuit in the Northern District of Florida on March 3, 2023. *Emrit v. University of Miami School of Law, et al.,* Civil No. 1:23-cv-00047. The case there was also dismissed on March 6, 2023. (1:23-cv-00047--ECF No. 6). In a footnote the Court stated that a search of PACER confirmed Emrit had filed at least 338 cases in thirty-six

4

cases.[1]  *Id.* at 3, n.1.    It found venue improper in that district.  Rather than transfer the case, since one had already been filed in the Southern District, the Court stated "[t]his case is subject to dismissal as a sanction for Plaintiff's abuse of the judicial process."  *Id.* at 6.

Apparently having already had both cases in Florida dismissed, Emrit decided to try his luck in this district.  Unfortunately for Emrit, he fares no better here.  This case is clearly duplicative of the one he properly filed in the Southern District of Florida.  The case has no connection with Arkansas other than the fact that Emrit mailed his complaint here.  This Court cannot sit as an appellate court over the decisions of other district courts.

Duplicative actions may properly be dismissed as frivolous or malicious under § 1915(e). *Cooper v. Delo,* 997 F.3d 376 (8th Cir. 1993)(approving dismissal of a duplicative complaint as frivolous); *Carter v. Schafer,* 273 Fed. Appx. 581, 582 (8th Cir. 2008)(affirming dismissal of complaint for maliciousness where Plaintiff's past litigation history showed he filed multiple complaints raising the same or similar facts);    Additionally, it is well settled that the Court has the inherent discretion to manage its cases.  *Bass v. General Motors Corp.,* 150 F.3d 842, 851 (8th Cir. 1988)(discretion includes ability to impose sanctions on a party).  "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991).  Finally, this case is barred by *res judicata.  Denton v. Hernandez,* 504 U.S. 25 (1992)(section 1915 dismissal has *res judicata* effect for future IFP actions).

## IV.  CONCLUSION

For these reasons, it is recommended that this action be **DISMISSED WITH**

---

[1] A search of PACER on March 23, 2023, produces a list of 367 cases filed by Emrit.

**PREJUDICE** as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2023.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE